IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARISOL MARTINEZ<br><br>               Plaintiff,<br>v.<br><br>NATIONWIDE INSURANCE COMPANY<br><br><br>               Defendant. | CIVIL ACTION NO.<br>18-2972 |

**Henry S. Perkin, M.J.**                                                                                                                                                                                **February 18, 2020**

## **MEMORANDUM**

          Presently before the Court are Defendant's Motion for Summary Judgment (ECF No. 21) filed May 15, 2019, Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment (ECF No. 22) filed June 3, 2019, and Defendant's Sur-Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment (ECF No. 24) filed June 25, 2019. In addition, the Court held oral argument on the Motion for Summary Judgment on January 23, 2020. For the reasons set forth below, the Motion for Summary Judgment is **DENIED**.

### I.    **FACTUAL AND PROCEDURAL HISTORY**

          This action arises from Plaintiff Marisol Martinez's claim for underinsured motorist benefits with her automobile insurance carrier, Defendant Nationwide Insurance Company. On March 13, 2015, Plaintiff was involved in a motor vehicle accident with Yasmin Kobeissi in which she sustained injuries. (Compl. ¶¶ 5-10; Def's Statement of Facts ¶1.) At the time of the accident, Plaintiff maintained an automobile insurance policy with Defendant Nationwide in which Plaintiff carried limits of $100,000 in underinsured motorist non-stacked benefits. (Compl. ¶¶ 18; Def's Statement of Facts ¶3.) Plaintiff filed suit against Ms. Kobeissi in the Berks County Court of Common Pleas on January 29, 2016. (Def's Statement of Facts ¶ 6, Pl.'s Mem. Of Law in Opp'n to Def.'s Mot. For Summ. J. at 1.)

Plaintiff agreed to engage in an alternative dispute resolution (ADR) process with Ms. Kobeissi in order to resolve the claim. (Def's Statement of Facts ¶ 6; Pl.'s Mem. of Law in Opp'n to Def.'s Mot. for Summ. J. at 7.) Both parties appeared before an arbitrator, Ms. Eileen Katz, and on March 28, 2018, Ms. Katz submitted her "Recommendation" and "Arbitration Findings in Support of Recommendation" to the parties. (Def's Mot. For Summ. J, Ex. C.) Ms. Katz recommended judgment in favor of the Plaintiff and against Ms. Kobeissi, inclusive of all claims and damages, in the amount of $22,500. Id. On March 24, 2018, the suit in Berks County was marked "Settled, Discontinued, and Ended." (Def's Mot. For Summ. J, Ex. B.)

On March 7, 2018, before Ms. Katz submitted her findings to the parties, Defendant emailed Matthew Zamites of Plaintiff's counsel's firm asking for the status of the "binding hi/lo arbitration" to which Mr. Zamites responded that the "award" had not yet been received. (Def's Sur-reply to Pl. Opp'n to Def.'s Mot. For Summ. J. at 3.) After Ms. Katz submitted her findings to the parties, Plaintiff notified Defendant of the "settlement" via a Daley-Sands letter dated April 3, 2018 with a request that the "settlement" be approved or, alternatively, that Defendant tender the amount of the "settlement" in order to preserve its subrogation rights. (Pl.'s Mem. Of Law in Opp'n to Def.'s Mot. For Summ. J., Ex. B.) One day after receiving the letter, Defendant emailed Mr. Zamites asking for clarification, as it was Defendant's understanding that the ADR process resulted in a binding arbitration with an award entered for less than the tortfeasor's policy. (Def's Sur-reply at 3.) Plaintiff did not respond to Defendant's email, however, on April 10, 2018, sent a follow-up letter regarding its April 3, 2018 correspondence. (Pl.'s Mem. Of Law in Opp'n to Def.'s Mot. For Summ. J., Ex. C.) Again, on April 11 and April 18, 2018, Defendant emailed Plaintiff's counsel reiterating its understanding that Ms. Katz entered a judgment award for less than the tortfeasor's policy and asking for clarification.[1] (Def's Sur-reply at 3.) For a second time, Plaintiff did not respond to the emails, but instead, sent a letter following up on the Daley-Sands letter of April 4, 2018. (Pl.'s Mem. Of Law in Opp'n to Def.'s Mot. For Summ. J., Ex. D.) On May 3, 2018, Defendant sent a final email to Plaintiff's counsel confirming that it had received no response to its prior communications and noting that it would close the file by May 18, 2018 unless Plaintiff replied.

---

[1] On April 11, 2018, Defendant emailed Ms. Dana Rizzuto asking for a response from Plaintiff's counsel's firm. On April 18, 2018, Defendant emailed Ms. Rizzuto, Mr. Zamites, and Mr. Marc Simon of Plaintiff's counsel's firm restating its understanding of the arbitration and requesting a response to its previous emails.

(Def's Sur-reply at 3.)

Defendant contends that Plaintiff voluntarily agreed to proceed to binding arbitration in front of Ms. Katz and, thus, is not entitled to recover underinsured motorist benefits under her policy. (Def's Mot. For Summ. J. ¶ 7.) Plaintiff argues that Ms. Katz offered a settlement recommendation, accepted by both parties, which allows her to file a claim for underinsured motorist benefits. (Pl.'s Mem. Of Law in Opp'n to Def.'s Mot. For Summ. J. at 1.) On July 5, 2018, Plaintiff filed the instant lawsuit, asserting a claim for underinsured motorist benefits against Defendant Nationwide. (See ECF No. 1.)

## II. LEGAL STANDARD

Summary judgment is appropriate where the record and evidence, taken in the light most favorable to the non-moving party, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The essential inquiry is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-252 (1986). The moving party has the initial burden of informing the court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). An issue is genuine only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party. Anderson, 477 U.S. at 249. A factual dispute is material only if it might affect the outcome of the suit under governing law. Id. at 248.

To defeat summary judgment, the non-moving party cannot rest on the pleadings, but rather, that party must cite "to particular parts of materials in the record" showing that there is a genuine dispute for trial. Fed. R. Civ. P. 56(c). Similarly, the non-moving party cannot rely on unsupported assertions, conclusory allegations, or mere suspicions in attempting to survive a summary judgment motion. Williams v. Borough of West Chester, 891 F.2d 458, 460 (3d Cir. 1989) (citing Celotex, 477 U.S. at 325). The non-moving party has the burden of producing evidence to establish prima facie each element of its claim. Celotex, 477 U.S. at 322-323. If the court, in viewing all reasonable inferences in favor of the non-moving party, determines that there is no genuine dispute as to any material fact, then summary judgment is proper. Id. at 322; Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 83 (3d Cir. 1987). When the non-moving

party will bear the burden of proof at trial, the moving party's burden can be "discharged by 'showing' - that is, pointing out to the District Court - that there is an absence of evidence to support the non-moving party's case." Jones v. Indiana Area Sch. Dist., 397 F. Supp.2d 628, 642 (W.D. Pa. 2005) (quoting Celotex, 477 U.S. at 325).

### III. DISCUSSION

Defendant moves for summary judgment on the grounds that no genuine issue of material fact exists for trial as (1) Plaintiff was not injured by an "underinsured motor vehicle" and (2) collateral estoppel prevents Plaintiff from re-litigating the amount of damages and losses based upon the award entered by Ms. Katz. Relying on the assertion that Ms. Katz entered a binding judgment, Defendant first contends that Ms. Kobeissi's car was not an underinsured vehicle, according to the Pennsylvania Motor Vehicle Financial Responsibility Law ("MVFRL") or her policy, [2] because Ms. Kobeissi's policy had enough coverage to satisfy the judgment entered. Further, Defendant argues that, because a full and final hearing was already held on the issue of Plaintiff's damages and a binding judgment was entered in an amount less than Ms. Kobeissi's policy liability limits, Plaintiff is estopped from re-litigating the amount of her damages and losses.

In response, Plaintiff maintains that the ADR process in which she and Ms. Kobeissi engaged resulted in a settlement recommendation, rather than a binding judgment, which the parties accepted. Because Defendant "failed to respond to requests for consent to settle," as argued by Plaintiff, Defendant "waived all rights to any denial of coverage or any rights to subrogation of the third-party settlement." Further, Plaintiff avers that collateral estoppel does not apply because there was no final judgment on the merits.

The key issue in dispute between the parties is whether the ADR process in which Plaintiff engaged resulted in a settlement recommendation or a binding and final judgment. As Plaintiff correctly notes, Pennsylvania motorists are permitted to bring actions to recover underinsured motorist benefits after settling with tortfeasors for less than the limits of one's

---

[2] Plaintiff's policy defines "underinsured motor vehicle" as, "a land motor vehicle or trailer of any type to which a bodily injury liability bond or policy applies at the time of the accident but the amount paid for 'bodily injury' under that bond or policy to an 'insured' is not enough to pay the full amount the 'insured' *is legally entitled to recover as damages*." (Def's Mot. For Summ. J, Ex. A)(emphasis added). The MVFRL defines an "underinsured motor vehicle" as one for which the limits of available liability insurance are insufficient to pay losses and damages. 75 Pa. C.S. § 1702.

liability policy. Boyle v. Erie Ins. Co., 656 A.2d 941,943 (Pa. Super. 1995); see also DiSantis v. Allstate Insurance Company, No. CIV. A. 95–6700, 1996 WL 195387, at *5 (E.D. Pa. April 19, 1996) (finding that Boyle accurately states law of Pennsylvania). This Court finds that, based on the language in Ms. Katz's findings, the ADR process resulted in a nonbinding settlement recommendation (as opposed to a binding judgment). Thus, if Plaintiff's damages exceed the maximum liability coverage provided by Ms. Kobeissi's insurance policy ($25,000), Plaintiff may be entitled to recover under her underinsured motorist policy with Defendant Nationwide.

Normally, an agreement by parties to partake in any form of alternate dispute resolution is dictated by the terms and conditions set forth in the written contract. However, neither party has provided any written document describing how Plaintiff and Ms. Kobeissi agreed to engage Ms. Katz to resolve the underlying motor vehicle suit. Similarly, neither party has provided evidence as to how the decision to participate in an ADR process was communicated from Plaintiff to Defendant.[3] Though there exists one email communication between Plaintiff and Defendant prior to the issuance of Ms. Katz findings, as described above, this Court finds that it is not dispositive of whether both parties understood that the ADR process was binding or nonbinding. Thus, the Court looks to the language in Ms. Katz findings to determine whether the ADR process resulted in a settlement recommendation or binding judgment.

Borrowing from the traditional canons of statutory construction, the Court begins its interpretation of Ms. Katz' findings with the language of the document itself. See Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc., 447 U.S. 102, 108 (1980) ("We begin with the familiar canon of statutory construction that the starting point for interpreting a statute is the language of the statute itself.") When looking at the text, words will be interpreted as taking their ordinary, contemporary, common meaning. See Perrin v. United States, 444 U.S. 37, 42 (1979). The document prepared by Ms. Katz is separated into two sections titled: (1) Recommendation and (2) Findings in Support of Recommendation. In the first section, Ms. Katz notes that, after hearing and deliberations, she "makes the following *recommendation.*" (emphasis added). The sentence that follows states "[i]t is *recommended* that judgment be entered in favor of the

---

[3] At oral argument, Defendant's counsel noted that it was her understanding that Plaintiff's counsel notified Defendant via a telephone call of the decision to resolve the claim through ADR. However, this evidence is not in the record.

5

plaintiff, MARISOL MARTINEZ, and against the defendant, YASMIN KOBEISSI, in the amount of $22,500.00 inclusive of all claims and damages" (emphasis added). Focusing solely on the first page of the document, it is clear from the title of the text, "Recommendation," and from the language itself that Ms. Katz intended to propose, or endorse, a judgment in favor of the Plaintiff rather than definitively bind the parties to such ruling or conclusion. Regarding the second section, Ms. Katz states that she submits her arbitration findings "in support of the *recommendation* in the above-captioned matter." (emphasis added). "In support of the *recommendation*," after listing her factual and credibility findings, Ms. Katz "*recommends* a finding in favor of Marisol Martinez" and "*recommends* an Award for the plaintiff, Marisol Martinez, in the amount of $22,500.00 inclusive of all claims and damages." (emphasis added). Again, in the second section of the document, Ms. Katz repeatedly emphasizes that she submits a recommendation of an award or judgment as opposed to a final and binding decision on the parties.

In its motion for summary judgment, Defendant calls attention to the caption of both the "Recommendation" and the "Findings in Support of Recommendation" which reads "Binding Arbitration Proceeding by Agreement." Defendant argues that this caption decisively indicates that the hearing was a binding arbitration. A title or heading, being only "a short-hand reference to the general subject matter involved" and "not meant to take the place of the detailed provisions of the text," can provide only limited interpretive aid. Bhd. of R. R. Trainmen v. Baltimore & O. R. Co., 331 U.S. 519, 528 (1947). "[T]he title of [a document] and the heading of a section cannot limit the plain meaning of the text." Id. at 528-29 (internal citations omitted). The Court notes that the caption, with reference to the words "Binding" and "by Agreement," is in conflict with the section titles of the document, "Recommendation" and "Findings in Support of Recommendation." However, a plain reading of the text reveals its intent to provide a "recommendation" rather than a binding and final decision. Thus, giving weight to the text of the document, this Court finds that there exists sufficient evidence to find that the ADR process used to resolve the underlying motor vehicle claim resulted in a nonbinding settlement recommendation. Consequently, there exists a genuine dispute on issues of material fact regarding the extent of Plaintiff's damages to submit to the jury.

As noted above, Defendant also claims that Plaintiff is precluded from bringing the underinsured motorist claim under the doctrine of collateral estoppel. The doctrine of

6

collateral estoppel, as applied in Pennsylvania, requires that: (1) the issue decided in the prior litigation was identical with the one presented in the later action; *(2) there was a final judgment on the merits*; (3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication and (4) the party against whom it was asserted had a full and fair opportunity to litigate the issue in question in a prior action. See Alberici v. Tinari, 542 A.2d 127, 131 (Pa. Super 1988) (emphasis added) (internal citations omitted). Ordinarily, under Pennsylvania law, arbitration proceedings and their findings are considered final judgments for the purposes of collateral estoppel. See Witkowski v. Welch, 173 F.3d 192, 199 (3d Cir. 1999); see also Restatement (Second) of Judgments § 13 (1982) ("for purposes of issue preclusion ... 'final judgment' includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect."). However, as previously noted, a plain reading of the text reinforces Plaintiff's position that Ms. Katz offered a settlement recommendation rather than a binding and final judgment on the merits. Accordingly, because there was no final judgment on the merits, Plaintiff is not precluded by collateral estoppel from bringing her claim for underinsured motorist benefits.

## IV.     CONCLUSION

Based on the foregoing reasons, this Court finds that Plaintiff has come forth with evidence sufficient to find that the ADR process in which she engaged resulted in a nonbinding settlement recommendation rather than a binding final judgment. As a result, there exists a genuine dispute of material fact as to Plaintiff's damages to be submitted to the jury. Accordingly, Defendants' Motion for Summary Judgment is **DENIED.**